UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-431-RJC
(3:08-cr-134-RJC-15)

| | | |
|---|---|---|
| **CESAR YOALDO CASTILLO,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court upon the Government's motion to stay disposition of this collateral proceeding which is filed pursuant to 28 U.S.C. § 2255. (Doc. No. 4). Petitioner is represented by the Federal Defenders of Western North Carolina. Counsel does not object to the Government's Motion. (Id. at 2).

On December 11, 2009, Castillo pleaded guilty to Conspiracy to Commit Racketeering, in violation of 18 U.S.C. § 1962(d) ("Count 1"); three counts of Assault with a Dangerous Weapon in Aid of Racketeering Activity, and Aiding and Abetting the Same, in violation of 18 U.S.C. §§ 2 and 1959(a)(3) ("Counts 35, 37, and 39"); and two counts of Using and Carrying a Firearm During and In Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c) ("Counts 36 and 40"). On December 21, 2010, this Court imposed concurrent prison terms of 2 months each in Counts 1, 35, 37, and 39; a consecutive 90 month prison term in Count 36; and a consecutive term of 300 months in prison in Count 40.

On June 21, 2016, Castillo commenced this action by filing a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 1). He challenges his § 924(c) convictions and sentences, arguing that in light of the Supreme Court's decision in

1

Johnson v. United States, 135 S. Ct. 2551 (2015), federal assault with a dangerous weapon in aid of racketeering activity does not qualify as a "crime of violence" under § 924(c). In Johnson, the Court held that imposing a sentence under the residual clause of the Armed Career Criminal Act's definition of "crime of violence" violates the Constitution's guarantee of due process; the decision did not address § 924(c)'s definition of "crime of violence." See id. at 2563.

The Government has filed the instant Motion to hold this action in abeyance pending decisions by the Fourth Circuit Court of Appeals in United States v. Ali, No. 15-4433, and United States v. Simms, Fourth Circuit Case No. 15-4640. (Doc. No. 3). In both cases, the defendants argue that Johnson renders § 924(c)'s residual clause unconstitutionally vague.

The issues to be decided in Ali and/or Simmons may be dispositive of Petitioner's claims for relief under Johnson. In light of these factors, and in the absence of opposition from Castillo, the Court finds it is in the interest of judicial economy to grant the Government's Motion to hold this action in abeyance.

**IT IS, THEREFORE, ORDERED** that the Government's motion to hold Castillo's § 2255 Motion to Vacate in abeyance (Doc. No. 4) is **GRANTED**. The above-captioned action is held in abeyance pending the Fourth Circuit's decisions in United States v. Ali, No. 15-4433 and/or United States v. Simms, Fourth Circuit Case No. 15-4640. The Government shall have 60 days from the date of either of these two decisions to file an answer, motion, or other response to Castillo's § 2255 Motion to Vacate.

Signed: May 18, 2017

Robert J. Conrad, Jr.
United States District Judge